IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL C. TIERNEY, | ) | CIVIL NO.  13-00171 HG-RLP |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING ACTION |
| | ) | PURSUANT TO 28 U.S.C. |
| vs. | ) | § 1915(g) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)**

Before the court is *pro se* Plaintiff Michael C. Tierney's "Motion to Return Property Under Rule 41(e) of the Federal Rules of Criminal Procedure."  ECF No. 1.  Plaintiff is incarcerated at the Halawa Correctional Facility and has neither paid the filing fee to commence this action or submitted an *in forma pauperis* ("IFP") application.

Plaintiff alleges that during his arrest in 1999 in Hawai`i Volcanoes National Park, National Park Service Rangers illegally confiscated $5,000.  Plaintiff sought return of this money during his criminal proceedings in *United States v. Tierney*, Cr. No. 99-00527 HG, but was denied because the funds had been seized by the Hawaii County Police Department, not the United States.  *See* ECF No. 9.  The Ninth Circuit Court of Appeals upheld this decision. ECF No. 16.  Ten years later, in Civ. No. 08-00543 HG, Plaintiff again sought return of the money.  *See Tierney v. United States*, Civ. No. 08-00543 HG.  This action

was dismissed as frivolous.  ECF No. 4. Plaintiff now seeks return of this money by alleging that he possesses new evidence to support his claim.  This action is DISMISSED pursuant to 28 U.S.C. § 1915(g).

### I.   28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike."  Id. at 1120.

At least three of Plaintiff's cases qualify as

"strikes" under § 1915(g):

> (1) *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997) (finding that Tierney had three strikes under § 1915(g));
>
> (2) *Tierney v. Clinton*, 1996 WL 310171(D.C. Cir. May 28, 1996), aff'g *Tierney v. Clinton*, Civ. No. 1:95-01268 UNA (dismissing action as frivolous); and
>
> (3) *Tierney v. United States*, Civ. No. 11-00082 HG (D. Haw. Feb. 7, 2011) (dismissing as frivolous and finding Plaintiff had accrued three strikes).[1]

*See* PACER Case Locator http://pacer.psc.uscourts.gov (last visited April 11, 2013).  Plaintiff may not bring a civil action without prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

## II.  NO IMMINENT DANGER

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time."  *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."  *Id.* at 1055.  Claims concerning "imminent danger of serious physical injury" cannot be triggered solely by

---

[1] The Ninth Circuit Court of Appeals and this court have explicitly notified Plaintiff of his strikes numerous times. *See, e.g.*, *Kupers*, 128 F.3d at 1311; *Tierney v. United States*, Civ. No. 10-00675-HG (D. Haw. Dec. 1, 2010).

complaints of past abuse.  *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Nothing here suggests that Plaintiff was in imminent danger of serious physical injury due to any action or inaction of the Defendants when he filed this action.  Moreover, as this court conclusively decided in Civ. No. 08-00543 HG, Plaintiff's claims for the return of money that is not and never was in the Government's possession, are frivolous, and are also dismissed pursuant to 28 U.S.C. § 1915A(a).

### III.  CONCLUSION

Plaintiff's Complaint and action are DISMISSED without prejudice.  If Plaintiff wishes to reassert these claims, he may do so by concurrently submitting the entire $350.00 filing fee when he files the action.  All pending motions are terminated. The Clerk of Court shall close the case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 17, 2013.



/S/ Helen Gillmor

Helen Gillmor
United States District Judge

*Tierney v. United States*, Civ. No. 13-00171 HG-RLP;
G:\docs\kelly\Orders\Denise\13cv171.Tierney v. USA.Dismissing Action.wpd